IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00991-WYD-MEH

VOLTAGE PICTURES, LLC, a California limited liability company,

      Plaintiff,

v.

DOES 1-14,

      Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on May 23, 2013.**

Pending before the Court is a Motion to Quash/Objection to Discovery Order of April 19, 2013 [filed May 21, 2013; docket #13] filed on behalf of Defendant John Doe #14 ("Doe 14"). The Motion is **denied without prejudice** for three reasons.

First, Doe 14 has failed to seek permission from the Court to proceed anonymously. *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment"). If Doe 14 wishes to re-file his motion in accordance with this order, he must first (or contemporaneously) file a motion to proceed anonymously.

Second, Doe 14 has not filed a copy of the underlying subpoena. To the extent the present motion seeks to quash or modify a subpoena issued through any district other than the District of Colorado, this Court must deny such request without prejudice. Pursuant to Rule 45(c)(3)(A), only "*the issuing court*" may quash or modify a subpoena (emphasis added). *See, e.g., In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district). "Subpoenas are process of the issuing court, and nothing in the rules even hints that any other court may be given the power to quash or enforce them." *In re Sealed Case*, 141 F.3d at 341 (citations omitted). It is unclear from the present record whether this Court is authorized to quash the subpoena disputed in the Motion.

Finally, Doe 14's Motion asserts varied requests for relief which are not appropriately combined. To the extent Doe 14 objects to this Court's discovery order, he must file a separate objection pursuant to Fed. R. Civ. P. 72(a).  *See* D.C. Colo. LCivR 7.1C ("A motion shall be made in separate paper.").